USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 3/3/12

PRO SE OFFICE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIEL B. KARRON

   Petitioner,

-V.-

UNITED STATES OF AMERICA

   Respondent.

*12-cv-118 (RPP)*
~~11-civ-1874 (RPP)~~
07-cr - 541 (RPP)

Reply Motion under Federal
Rules Criminal Procedure
41(g) for the return of
property seized in criminal
case

## (1)    Introduction

The Petitioner, D. B. Karron, responding *pro se* at this time, respectfully submits this reply motion under Federal Rules of Criminal Procedure (FR Crim. P.) 41(g) for the return of personal property seized in the Petitioners' criminal and civil case captioned above.

## (2)    Contents

(1)    Introduction ................................................................................................1-1

    (...1)    Legality of seizure is not the issue; only return of property ...................1-4

    (...2)    Rule(G) and Committee Notes on rules from 2009 Amendment ...........1-4

    (...3)    A person aggravated by deprivation of property may move for property return ...1-4

    (...4)    The court must receive evidence on any factual issue necessary to decide the motion 1-5

    (...5)    Expectation for return of the Property ...............................................1-5

    (...6)    Expectation for a remedy...................................................................1-5

    (...7)    The Circumstances are Reasonable ....................................................1-5

    (...8)    Title to equipment vests with recipient..............................................1-5

    (...9)    Before and after pictures show extent of seizure ................................1-6

    (...10)    The inventories items were stipulated as evidence in the case. ............1-6

    (...11)    Evaluation by total of Warrant Invoices ............................................1-6

(...12)   Evaluation by OIG Public Press Statements ..........................................1-7

(...13)   Total Value of Seized Property well in excess of Criminal Restitution. ..............1-7

(...14)   Value of Intellectual Property Seized ...............................................1-7

(3)   Signature .......................................................................................3-1

(4)   Appendix .......................................................................................4-1

(5)   AFFIRMATION OF SERVICE ...............................................................5-1

  1.   Exhibit 1 ...................................................................................5-2

  3.   Exhibit BBB ...............................................................................5-3

  4.   Exhibit mm1 and mm2 .................................................................5-4

  5.   GX120........................................................................................5-5

  6.   Exhibit 2....................................................................................5-6

Like a bad divorce, the issue before the court is not who did what to whom, or why, but only what[1] and how much[2].

There is no contention that the Government seized almost all of the Petitioners property. The legality of that seizure is not at issue here.  In as much as the government takes parts of this motion as an allegation of any illegality, those issues are not what were intended by the Petitioner to be challenged in this motion practice at this time.

The only issue at hand for this Court is the evaluation of that property for its return; does it exist or was it destroyed?  Was it lost?  Can it be found?  It is sitting, with the batteries rotting away the electronics, in some Government warehouse.  Were proper Department of Justice procedures and forms executed regarding the disposition of the property?  Was the property given away to some needy government scientists?  Was it sold as surplus?  Was it sold at auction?  If so, how much was it sold for?  Can the property be returned?

Baring the availability of that remedy of return, the alternative remedy must be applied; the value of said property must be accounted for and credited somewhere.  The first alternative remedy would consist of writing a check to the Petitioner for the full invoice amount of the

---

[1] elements of property
[2] a dollar value should return not be possible for a particular element

property.  Given this Court's judgment against the petitioner[3], the Petitioner suggests that this credit should first offset the Judgment of this court against the Respondent; nothing more.  The excess value beyond the open balance of this Court's judgment is another matter for another Court.  The Rule 41(g) demands nothing less.

This reply motion addresses only the first part of the Governments joint response to the Petitioners two pending motions, namely the "RULE 41(g) MOTION FOR RETURN OF PROPERTY" and  is not to be construed as a reply to the "DEFENDANT'S CORRECTED SURREPLY IN SUPPORT OF HER 2255 MOTION".  That reply brief ("SURREPLY" is not being addressed in this brief.  The governments reply to the "SURREPLY" is outside the scope of this reply brief.  This brief only deals with property return under Rule 41(g) and not the 2255 motion.

This property seized consists of

1) Residual cash funds from the court ordered sale of the Petitioners home and apartment at 300 East 33rd Street as well as the

2) Contents seized in a raid authorized by this court under "SEIZURE WARRANT PURSUANT TO 18 U.S.C. §981" Filed under Seal dated June 19, 2007, and schedules provided the court as to the inventory of the seizure as recorded by the Federal Agents at the scene[4], and the inventory of the seizure as accounted for from the books and records of Karron and CASI.  Copies of these have been provided to the court.[5] [6]

---

[3] The 2255 issues that are also beyond the scope of this motion.
[4] GX120, appended here
[5] 03/21/201211 Letter addressed to Judge Robert P. Patterson from D. B. Karron dated 3/8/2012 re: In response to your order of March 5, which I received today, requesting a copy of the seizure receipt. Here it is. I am faxing it in because you ordered it today. Document filed by Daniel B. Karron.(lmb) (Entered: 03/21/2012)
[6] An evaluation of the seizure by invoice is given in Exhibit 1.

### (...1)   Legality of seizure is not the issue; only return of property

The governments joint reply document does not address any of the salient issues raised in the Petitioners original motion for a Rule (g) return of property. The Rule (g) motion covers both unlawful search and seizure as well as anyone aggravated by the deprivation of the property. This motion does not invoke or respond to issues of unlawful search and seizure elements of the Rule. The Government has no reason to retain the property; the trial is over and the judgment rendered. The value of the property, by any measure, is by far greater than the balance of the Judgment rendered by the court.

This reply only raises the single issue that that the petitioner, being the party aggravated by the deprivation of the petitioners property for over 5 years, seeks return or remedy under this Rule (G).

### (...2)   Rule (G) and Committee Notes on rules from 2009 Amendment

(g) MOTION TO RETURN PROPERTY. A person aggrieved [by an unlawful search and seizure of property Or ] by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant [...]

### (....1) Committee Notes on Rules—2009 Amendment

It was not the intent of the amendment to leave the property owner without an expectation of the timing for return of the property[...] or a remedy. Current Rule 41(g) already provides a process for the "person aggrieved" to seek an order from the court for a return of the property, including storage media or electronically stored information, under reasonable circumstances.

### (...3)   A person aggravated by deprivation of property may move for property return

The Petitioner is the party aggravated by the deprivation of the property.

(...4)   The court must receive evidence on any factual issue necessary to decide the motion

The factual issues necessary to decide the motion are the following

The Petitioner "standing" to file a claim for return of seized property has a "colorable claim"[7] that she owned and possessed the property seized by the

1.  production of a detailed schedules of the purchases of said property
2.  the Government's own inventory schedules produced at the time of the Seizure
3.  the Governments own press releases
4.  the Government's reports to Congress

(...5)   Expectation for return of the Property

The government has not made a forfeiture action against the property.

(...6)   Expectation for a remedy

On the conclusion of the criminal proceedings, the Petitioner has a reasonable expectation of a remedy.

(...7)   The Circumstances are Reasonable

There are no other criminal proceedings against the defendant.  The government has no reason to retain the property.[8]  The petitioners request for return is reasonable.

(...8)   Title to equipment vests with recipient

Compliance Requirement - **Title to equipment acquired using federal financial assistance vests with the recipient**. The recipient agrees to use the equipment for the authorized purpose of the project as long as it is needed and will not encumber the asset. There are no requirements pertaining to equipment with a cost of less than $5,000. **[emphasis added]**

---

[7] *Federal Procedure, Lawyer's Edition*, vol.8A, §22:228, *et seq*
[8] *Mora v. United States*, 955 F.2d 156, 158 (2nd Cir. 1992) (noting "where no criminal proceedings against the movant are pending or have transpired, a motion for return of property is treated as a civil equitable proceeding even if styled as being pursuant to Fed. R. Crim.P. 41(g)); *Mendez v. United States*, 2005 WL 2175903 (E.D.N.Y. 2005).

Equipment records shall be maintained, a physical inventory of equipment taken at least once every two years and reconciled to the equipment records, an appropriate control system should be used to safeguard equipment, and equipment shall be adequately maintained.

While **title to property and equipment vests with the recipient**, the recipient has no cost basis in the assets purchased with government funds. The recipient's fixed asset system, therefore, must clearly identify that federal funds are the source of funding for the assets. [...]

____.34 Equipment. (a) Title to equipment acquired by a recipient with Federal funds shall vest in the recipient, subject to conditions of this section.[910]

### (...9)   Before and after pictures show extent of seizure

Defense Exhibit BBB shows the CASI lab pictures before the raid.

Exhibit mm1 and mm2 shows the CASI lab after the raid. The location was denuded of all computers, computer networking equipment, and one blender. Remarkably, the very expensive coffee machine and its inventory tree of coffee and tea packets, (from Coffee Distributing, Inc.) were not disturbed.

### (...10)   The inventories items were stipulated as evidence in the case.

During the trial a number of inventoried objects brought into court and were displayed to jury. Most were not. The video screen was brought into the courtroom. The battery power drills and reciprocating saw were operated before the court and jury. The batteries apparently still held a charge as the tools operated.

The power tools not purchased with grant funds.

### (...11)   Evaluation by total of Warrant Invoices

The total of the Warrant invoices is $292,098.87

---

[9] Program-Specific Audit Guidelines for Advanced Technology Program (ATP) Cooperative Agreements with Single Companies U.S. Department of Commerce  Office of Inspector General National Institute of Standards and Technology  September 1999 Office of Audits, Atlanta Regional Office  http://www.atp.nist.gov/atp/psag-co.htm
[10] http://www.whitehouse.gov/omb/circulars_a110

### (...12)    Evaluation by OIG Public Press Statements

An OIG press release in 2008 at the close of the criminal trial stated the value of the seized property as 390,000.[11]  The OIG repeated this valuation in its Semiannual Report To Congress in March, 2011. [12]

### (...13)    Total Value of Seized Property well in excess of Criminal Restitution.

Petitioners' requests return of property and or reimbursement. By any measure of the value of the property, the Petitioners property is well in excess of the Petitioners restitution.

### (...14)    Value of Intellectual Property Seized

When the Government seized the Plaintiff's computers, they seized the work product of CASI and the NIST ATP project.  The research programming work product resided on the SGI hard drives and was not recovered in the court ordered imaging work done by First Data, Inc. The value of this work product is at least the value of the priced milestones of the grant budget, as signed off by the ATP technical staff in on the Six CASI technical reports. The Tasks and Milestones were valued in the budget at 1,400,000 (One Million Four Hundred Thousand Dollars).

---

[11] Department of Commerce OIG Press Release December 3, 2008 ("In addition, $390,000 worth of computers, power tools and other items seized liom his residence on orders of the court were ordered forfeited to the government.")  Downloaded from http://www.oig.doc.gov/Pages/NIST-Grant-Recipient-Sentenced-for-Grant-Fraud;-Civil-Suit-Filed.aspx

[12] Department of Commerce Office of Inspector General (DoC OIG) Semiannual Report to Congress, March, 2011. Page 25 ("In addition, $390,000 worth of computers, power tools, and other items seized from his residence were ordered forfeited ...") http://www.oig.doc.gov/Pages/NIST-Grant-Recipient-Sentenced-for-Grant-Fraud;-Civil-Suit-Filed.aspx

## (3)   **Signature**

Signed on this day May 2, 2012

Long Beach, New York

_____

Daniel B. Karron
Petitioner
*pro se*

348 East Fulton Street,
Long Beach, New York 11561
E-Mail to drdbkarron@gmail.com
Facsimile +1 (516) 308-1982
Voice +1 (516) 515-1474

**(4)   Appendix**

**(5)   AFFIRMATION OF SERVICE**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIEL B. KARRON

     Petitioner,

-V.-

UNITED STATES OF AMERICA

     Respondent.

12-CIV-118 (RPP)
~~11-civ-1874 (RPP)~~
07-cr - 541 (RPP)

AFFIRMATION OF
SERVICE

     I, D. B. KARRON, declare under penalty of perjury that I have served a copy of the attached Reply Motion under Federal Rules Criminal Procedure 41(g) for the return of property seized in criminal case upon :

Mr. Christian R. Everdell
Assistant United States Attorney
Terrorism and International Narcotics Unit
Southern District of New York
Mr. Steven Kwok
Assistant United States Attorney
Southern District of New York

whose physical address is

One St. Andrews Plaza,
New York, New York, 10007

by e-mail to

Christian.Everdell@usdoj.gov
Steve.Kwok@usdoj.gov

Dated: Long Beach, New York
2 May 2012

D. B. Karron
Petitioner, *pro se*
348 East Fulton Street,
Long Beach, New York 11561
E-Mail to drdbkarron@gmail.com
Facsimile +1 (516) 308 - 1982
Voice +1 (516) 515 - 1474

1.  **Exhibit 1**

3/8/2012

## Rule 41g:3
### 1/1/1970 through 6/26/2007

| Date | Account | Num | Description | Memo | Category | Tag | Amount |
|------|---------|-----|-------------|------|----------|-----|--------|
| **OUTFLOWS** | | | | | | | -401,641.63 |
| **ATP_EQUIPMENT-NIST ATP Computer and Other Hardware/software** | | | | | | | -296,881.46 |
| computer | | | | | | | -288,106.66 |
| hardware | | | | | | | -99.00 |
| tool | | | | | | | -99.00 |
| media | | | | | | | -4,422.30 |
| software | | | | | | | -6,310.58 |
| Other ATP_EQUIPMENT:computer | | | | | | | -277,274.78 |
| hardware | | | | | | | -7,660.79 |
| storage | | | | | | | -1,424.84 |
| Other ATP_EQUIPMENT:hardware | | | | | | | -6,235.95 |
| site | | | | | | | -94.95 |
| tools | | | | | | | -1,019.06 |
| computer | | | | | | | -51,181.26 |
| hardware | | | | | | | -51,181.26 |
| Contractors | | | | | | | -53,578.91 |
| cleaning | | | | | | | -140.00 |
| Other Contractors | | | | | | | -53,438.91 |
| | | | | | | | -401,641.63 |
| | | | | | | OVERALL TOTAL | -401,641.63 |

## OVERALL TOTAL $401,641.63

3. **Exhibit BBB**



DEFENDANT'S EXHIBIT
BBB










*Please* respect Dr. K's Privacy

*Please* KNOCK and
Get PERMISSION to ENTER.

Do not ENTER unannounced.









4. **Exhibit mm1 and mm2**










DSC_2152.JPG



DSC_2153.JPG



DSC_2154.JPG





DEFENDANT'S
EXHIBIT

5. **GX120**

JUN-19-2007  13:03        9121203(2321      RETURN        9121203(2321   P.02

| DATE WARRANT RECEIVED | DATE AND TIME WARRANT EXECUTED | COPY OF WARRANT AND RECEIPT FOR ITEMS LEFT WITH |
|---|---|---|
| 6/19/2007 | 6/26/07   6:30AM | DR Dan Karron |

INVENTORY MADE IN THE PRESENCE OF    SA Ken Clair

INVENTORY OF PROPERTY TAKEN PURSUANT TO THE WARRANT

( See attached )

## CERTIFICATION

I swear that this inventory is a true and detailed account of all the property taken by me on the warrant

*Rachel Ondrik*          RACHEL ONDRIK

Subscribed, sworn to, and returned before me this date.          6/27/2007

*Gail W. Sub*
_____          _____
Federal Judge or U.S. Magistrate                    Date

TOTAL P.02

GOVERNMENT
EXHIBIT
120
07 Cr. 541 (RPP) (ID)

# List of Items seized pursuant to warrant.
## 6/26/07, Case 16227

| | | | |
|---|---|---|---|
| 44 | 6/26/2007 | 11:00 AM A | Monitor Casi 02 Samsung Syncmaster (2) |
| 45 | 6/26/2007 | 11:00 AM A | IBM Thinkpad laptop with docking station |
| 46 | 6/26/2007 | 11:00 AM A | Large STABILA bubble level |
| 47 | 6/26/2007 | 11:00 AM A | Dremel Rechargeable Rotary Tool w/charger |
| 48 | 6/26/2007 | 11:00 AM A | Flatbed Scanner RICOH Aficio IS330 |
| 49 | 6/26/2007 | 11:00 AM A | CTX LCD Monitor w/power supply |
| 50 | 6/26/2007 | 11:00 AM A | Docking Station casi 17 (no laptop) |
| 51 | 6/26/2007 | 11:30 AM A | SGI Monitor casi (1) casi 104 |
| 52 | 6/26/2007 | 11:30 AM A | SGI Monitor (2) |
| 53 | 6/26/2007 | 11:30 AM A | SGI Monitor (3) large widescreen casi 104 |
| 54 | 6/26/2007 | 11:30 AM A | Standalone Air Conditioning Unit |
| 55 | 6/26/2007 | 12:00 PM A | Six (6) ergotron monitor swing mounts |
| 56 | 6/26/2007 | 12:00 PM A | Raid Enclosures four (4) |
| 57 | 6/26/2007 | 12:00 PM A | Miscellaneous keyboards/peripherals |
| 58 | 6/26/2007 | 12:00 PM E | casi 007 svr SGI Octane 2 216.213.116.232 |
| 59 | 6/26/2007 | 12:00 PM E | Raid array (1 of 2 this location) |
| 60 | 6/26/2007 | 12:00 PM E | Raid array (2 of 2 this location) |
| 61 | 6/26/2007 | 12:30 PM E | casi 11 svr SGI Octane 2 216.213.166.236 |
| 62 | 6/26/2007 | 12:30 PM E | casi 13 216.213.166.238 |
| 63 | 6/26/2007 | 12:30 PM E | casi 13 Samsung Syncmaster Monitor |
| 64 | 6/26/2007 | 12:30 PM E | SGI monitor (1 of 4 this location) casi 11 |
| 65 | 6/26/2007 | 12:30 PM E | SGI monitor (2 of 4 this location) |
| 66 | 6/26/2007 | 12:30 PM E | SGI monitor (3 of 4 this location)w/spkrs |
| 67 | 6/26/2007 | 12:30 PM E | SGI monitor (4 of 4 this location) casi 007 |
| 68 | 6/26/2007 | 1:30 PM E | DTS-3 |
| 69 | 6/26/2007 | 1:30 PM E | HP Scanjet 5P |
| 70 | 6/26/2007 | 1:30 PM E | SGI DVD-ROM External Drive |
| 71 | 6/26/2007 | 1:30 PM A | Linksys Security Webcam |
| 72 | 6/26/2007 | 1:30 PM E | SGI Software |
| 73 | 6/26/2007 | 1:30 PM E | SGI Controller (NFI) |
| 74 | 6/26/2007 | 1:30 PM E | Set of 2 rechargeable flashlights w/chargers |
| 75 | 6/26/2007 | 1:30 PM A | Shoe Rack |
| 76 | 6/26/2007 | 1:30 PM A | Set of multicases with hardware (31 ct.) |
| 77 | 6/26/2007 | 1:30 PM E | Four (4) ergotron monitor swing mounts |
| 78 | 6/26/2007 | 1:30 PM E | Miscellaneous peripherals and cables |
| 79 | 6/26/2007 | 2:00 PM Basement Storage 55 | GPS System |
| 80 | 6/26/2007 | 2:00 PM Basement Storage 55 | DDS-3 Tape Backup |
| 81 | 6/26/2007 | 2:00 PM Basement Storage 56 | Circular Saw |
| 82 | 6/26/2007 | 2:00 PM A | Folding Ladder |

# List of Items seized pursuant to warrant.
## 6/26/07, Case 16227

| # | Seizure Date | Seizure time | Seizure Location | Item Description/ID |
|---|---|---|---|---|
| 1 | 6/26/2007 | 8:00 AM | A | server casi 192.168.0.118 |
| 2 | 6/26/2007 | 8:00 AM | A | server casi 02 216.213.166.227 |
| 3 | 6/26/2007 | 8:00 AM | A | server casi 04 SGI Octane 2 |
| 4 | 6/26/2007 | 8:00 AM | A | server casi 16 192.168.0.116 |
| 5 | 6/26/2007 | 8:00 AM | A | server case black |
| 6 | 6/26/2007 | 8:00 AM | A | rackmount computer 1U |
| 7 | 6/26/2007 | 8:00 AM | A | Overland neo |
| 8 | 6/26/2007 | 8:00 AM | A | Raid Array 1-10 this location |
| 9 | 6/26/2007 | 8:00 AM | A | Raid Array Bottom this location |
| 10 | 6/26/2007 | 8:00 AM | A | server casi 100 192.168.0.100 |
| 11 | 6/26/2007 | 8:00 AM | A | Extreme network summit 7 switch |
| 12 | 6/26/2007 | 8:30 AM | A | UPS APC (power source) |
| 13 | 6/26/2007 | 8:30 AM | A | Power supply (blue) |
| 14 | 6/26/2007 | 8:30 AM | A | Hatch Panel |
| 15 | 6/26/2007 | 9:00 AM | A | Linksys Router antenna and power supply |
| 16 | 6/26/2007 | 9:00 AM | A | 16 port switch Linksys and power supply |
| 17 | 6/26/2007 | 9:00 AM | A | D-Link Router DCM-202 + power supply |
| 18 | 6/26/2007 | 9:00 AM | A | Projector Screen |
| 19A | 6/26/2007 | 9:00 AM | A | Controller Box for Projector Screen |
| 19 | 6/26/2007 | 9:00 AM | A | Hatch Panel |
| 20 | 6/26/2007 | 9:30 AM | A | Sony Cybershot Camera DSC-F707 |
| 21 | 6/26/2007 | 9:30 AM | A | Digital Camera Batteries |
| 22 | 6/26/2007 | 9:30 AM | A | Remote Power Control/BayTech |
| 23 | 6/26/2007 | 9:30 AM | A | InFocus LCD Projector with mount |
| 24 | 6/26/2007 | 10:00 AM | A | server casi 112 192.168.9.112 |
| 25 | 6/26/2007 | 10:00 AM | A | server casi 03 192.168.0.103 |
| 26 | 6/26/2007 | 10:00 AM | A | HP Laserjet 1200 printer |
| 27 | 6/26/2007 | 10:00 AM | A | Linksys Print Server PSUS4 |
| 28 | 6/26/2007 | 10:00 AM | A | HP Laserjet 4 with Document Feeder |
| 29 | 6/26/2007 | 10:30 AM | A | casi 15 192.168.0.115 |
| 30 | 6/26/2007 | 10:30 AM | A | GBC Shredmaster 3260x shredder |
| 31 | 6/26/2007 | 10:30 AM | A | Check Scanner RDS-3000 |
| 32 | 6/26/2007 | 10:30 AM | A | Visioneer Strobe XP Paper port (1 of 2) |
| 33 | 6/26/2007 | 10:30 AM | A | Neat Receipts Receipt Scanner |
| 34 | 6/26/2007 | 10:30 AM | A | Card Size Scanner Corex Cardscan |
| 35 | 6/26/2007 | 10:30 AM | A | Visioneer Strobe XP Paper port (2 of 2) |
| 36 | 6/26/2007 | 10:30 AM | B | Dust Buster |
| 37 | 6/26/2007 | 11:00 AM | B | Kitchen Classics Blender by Waring |
| 38 | 6/26/2007 | 11:00 AM | A | Porter Cable Tiger Saw quickcharge |
| 39 | 6/26/2007 | 11:00 AM | A | Two (2) Batteries and charger for item 38 |
| 40 | 6/26/2007 | 11:00 AM | A | Three (3) boxes Dewalt drill bits |
| 41 | 6/26/2007 | 11:00 AM | A | Porter Cable Rechargeable Tool Set |
| 42 | 6/26/2007 | 11:00 AM | A | Set of 3 rechargeable flashlights w/chargers |
| 43 | 6/26/2007 | 11:00 AM | A | Monitor Casi 12 Samsung Syncmaster (1) |

**07 MAG   970**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA                    :   <u>Filed Under Seal</u>

        -v.-                               :   SEIZURE WARRANT PURSUANT
                                             <u>TO 18 U.S.C. § 981</u>

Items identified in the invoices          :
attached as Exhibit A hereto
for Datavision, General Computer &        :
Service, HomeFront Hardware,
Silicon City, Inc., and Silicon           :
Graphics, Inc., including, but not
limited to, computer equipment,           :
computer parts, laptop computers,
webcams, printers, monitors,              :
projectors, scanners, other
electronic appliances, kitchen items,:
and other assorted personal consumer
items,                                    :
             Defendants <u>in rem</u>.

*917 - 626 - 8003*

- - - - - - - - - - - - - - - -x

### WARRANT OF SEIZURE PURSUANT TO 18 U.S.C. § 981

TO:  ANY DESIGNATED SPECIAL AGENT OF THE DEPARTMENT OF COMMERCE
     AND/OR ANY LAW ENFORCEMENT OFFICER AUTHORIZED BY LAW

      An Affidavit having been made before me by RACHEL

ONORIA, a Special Agent of the Department of Commerce, Office of

Inspector General, Office of Investigations, that she has reason

to believe that the items described in the invoices that are

attached as Exhibit A to this Warrant (collectively, the

"Computer Equipment and Household Items") are subject to seizure

and civil forfeiture pursuant to 18 U.S.C. § 981 and as I am

satisfied that there is probable cause to believe that the

property so described is subject to seizure and civil forfeiture

pursuant to 18 U.S.C. § 981;

Institute of Standards and Technology toward the payment of
unauthorized expenses.

(Title 18, United States Code, Section 666.)

FOREPERSON

MICHAEL J. GARCIA
United States Attorney

2