UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DANIEL B. KARRON,

                                                                                                12 Civ. 118 (RPP)

                        Plaintiff,

                                                                             **OPINION AND ORDER**

        - v. -

UNITED STATES OF AMERICA,

                        Defendant.
------------------------------------------------------------X

**ROBERT P. PATTERSON, JR. U.S.D.J.**

       On January 5, 2011, Plaintiff Daniel Karron ("Plaintiff" or "Karron") filed a motion under Federal Rule of Criminal Procedure 41(g) ("Rule 41(g)") seeking the return of property that was seized by the Government on June 26, 2007 pursuant to a seizure warrant in connection with her arrest for misapplication of federal grant funds in violation of 18 U.S.C. § 666. On February 1, 2012, the Government filed a memorandum in opposition to Plaintiff's motion and on May 3, 2012, Plaintiff filed a reply memorandum.

**I.**     **Background**

     **A.**     **The Seizure Warrant**

       On June 26, 2007, pursuant to a seizure order signed by Magistrate Judge Douglas F. Eaton, federal agents from the Office of the Inspector General ("OIG"), Department of Commerce, seized computer equipment and certain household items from Plaintiff's apartment as property constituting or derived from proceeds traceable to the theft of federal grant funds and subject to civil forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).[1] (See Aff. of Rachel Ondrik

---

[1] The list of items seized from Plaintiff's apartment is attached to this Opinion as Appendix A.

1

dated June 19, 2007 ("Ondrik Aff.").) The Government's affidavit in support of the seizure warrant stated that there was "probable cause to believe that Dr. Karron used part of the misapplied Federal funds to purchase the computer equipment and household items." (Id. ¶¶ 5-15.) On June 27, 2007, OIG agents returned the seizure warrant to Magistrate Judge Gabriel W. Gorenstein. (Gov't Mem. in Opp. to Pl.'s Mot. for Return of Property Seized in a Criminal Case ("Gov't Mem."), Ex A.) The Government estimated the total value of all property seized pursuant to the warrant to be $390,000. (Indict. ¶ 2(a).)

The underlying indictment in the case was filed on June 13, 2007. On May 21, 2008, the Government filed a one count superseding indictment (the "Superseding Indictment") against Plaintiff, charging Plaintiff with violating 18 U.S.C. § 666 by intentionally and knowingly misapplying more than $5,000 of federal funds owned by and under the care, custody, and control of Computer Aided Surgery, Inc. ("CASI"), a company that received more than $10,000 in federal funds during a one-year period, 9and of which Plaintiff was the owner, President and Chief Technical Officer. (Indict. ¶ 1). The Indictment contained a forfeiture allegation stating that:

> In the event the defendant is convicted of the offense charged in the First Superseding Indictment, the defendant shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C)[2] and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense, including but not limited to, the following:
>
> a.     At least $390,000 in United States currency;
>
> b.     All right, title, and interest of the defendant in all that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures,

---

[2] "Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of [listing sections] of this title or any offense constituting 'specified unlawful activity'" is subject to forfeiture to the United States. 18 U.S.C. § 981(a)(1)(C).

>    attachments and easements, located at 300 East 33rd Street, Unit 4N, New York, NY 10016.

(Indict. ¶ 2.)

After a ten-day trial ending on June 11, 2008, the jury convicted Karron of the single count in the Superseding Indictment. On October 27, 2008, Karron was sentenced to seven and one-half months home-confinement, followed by seven and one-half months imprisonment, followed by three years of supervised release, as well as $125,000 in restitution. (Am. Sentencing J., Oct. 31, 2008, ECF No. 71.) Forfeiture was not ordered as part of Plaintiff's sentence. On October 29, 2008, Karron appealed from her judgment of conviction and on October 7, 2009, the Second Circuit affirmed the judgment of this Court. United States v. Karron, 348 Fed. App'x. 632 (2d Cir. 2009). On January 4, 2010, Karron filed a petition for certiorari in the United States Supreme Court, which was denied on February 22, 2010. See Karron v. United States, 130 S. Ct. 1555 (2010). On May 4, 2012, this Court denied Plaintiff's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence. See Karron v. United States, No. 11 Civ. 1874 (RPP), 2012 WL 1570849 (S.D.N.Y. May 4, 2012).[3]

### B.   The Sale of Plaintiff's Condominium Apartment

On November 26, 2007, Plaintiff entered into a "Stipulation and Order" (the "Stipulation") with the Government in which she agreed to sell her condominium and to use the proceeds in part to reimburse the Government for the money it spent to duplicate Plaintiff's hard drives in preparation for trial.[4] (See Stipulation and Order dated Nov. 26, 2007, No. 07 Cr. 541,

---

[3] On April 13, 2011, a civil judgment in the amount of $4 million dollars was imposed on Plaintiff by Judge Buchwald under the False Claims Act for her misapplication of federal grant funds. See United States v. Karron, 750 F. Supp. 2d 480 (S.D.N.Y. 2011).

[4] Plaintiff's condominium apartment was located at 300 East 33rd Street, Unit 4N, New York, NY. (Indict. ¶ 2.) On February 14, 2012, the Court ordered the USMS to issue a check to the United States Attorney's Office in the

ECF No. 36.)  As stated in the Stipulation, Plaintiff agreed to "take all necessary steps . . . to effectuate the sale of the Condominium at arm's length for fair market value." (Id. at 3.)  The proceeds of the sale were to be remitted to the custody and control of the U.S. Marshalls Service ("USMS") pending further court order. (Id. at 4.)  Plaintiff agreed to "waive all rights to appeal or to otherwise challenge or contest the validity" of the Stipulation. (Id. at 5.)  On May 22, 2007, with Plaintiff's consent, the Stipulation was modified to permit Plaintiff to use the proceeds of the condominium sale to pay her defense attorney's fees.[5]

## II.     Applicable Law

Rule 41(g) states in pertinent part that "a person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g).  A Rule 41(g) motion that is "made after the termination of criminal proceedings against the defendant" is treated "as a civil complaint for equitable relief." Bertin v. United States, 478 F.3d 489, 493 (2d Cir. 2007).  In order to prevail on a Rule 41(g) motion, the moving party "must demonstrate that (1) he is entitled to lawful possession of the seized property; (2) the property is not contraband; and (3) either the seizure was illegal or the government's need for the property as evidence has ended." Ferreira v. United States, 354 F. Supp. 2d 406, 409 (S.D.N.Y. 2005) (internal citations and quotations omitted); see also United States v. Van Cauwenberghe, 934 F.2d 1048, 1061 (9th Cir. 1991) (A Rule 41(g) motion may be denied "if the defendant is not entitled to lawful possession of the seized property, the property is

---

amount of $30,000, "representing [Plaintiff's] outstanding obligation to reimburse the Government for the data duplication costs" it incurred. (No. 07 Cr. 541, ECF No. 101.)

[5] On May 22, 2008, the Court ordered direct payment of $100,000 from the proceeds of the sale of the condominium to Plaintiff's attorney to cover his pre-trial services. (No. 07 Cr. 541, ECF No. 43.)

contraband or subject to forfeiture or the government's need for the property as evidence continues.")

### III. Discussion

Plaintiff seeks either the return of the property seized from her apartment on June 26, 2007 or reimbursement for the full value of said property. (Pl.'s Mem. in Supp. of Mot. for Return of Property Seized in a Criminal Case ("Pl.'s Mem.") at 1, 5.) In the alternative, Plaintiff argues that her criminal restitution obligation should be "liquidated" because "by any measure of the value of the property, [Plaintiff's] property is well in excess of [Plaintiff's] restitution. (Pl.'s Mem. at 5.) Plaintiff asserts that the Government "over-seized" property that has no connection with the case, including computers and computer equipment that were purchased prior to the Grant and "household equipment" that was purchased without using Grant funds. (Pl.'s Mem. at 8-9.) Plaintiff, however, does not properly identify, or provide specific values to the items of personal property she states were seized by the Government. Plaintiff also seeks the return of the "residual cash funds" from the Court ordered sale of Petitioner's condominium, again without providing any computation of what funds, if any, remain from the sale. (Pl.'s Reply Mem. in Supp. of Mot. for Return of Property Seized in a Criminal Case ("Reply") at 3.)

Plaintiff does not contest the legality of the Government's seizure.[6] (Reply at 2.) Instead, Plaintiff argues that "the Government has no reason to retain the property" as the "trial is over and the judgment rendered." (Reply at 4.) The Government argues that the items were seized not only "for their evidentiary value for use at a criminal proceeding . . . but also because they were forfeitable as the proceeds of criminal activity." (Gov't Mem. at 3.) In its opposition papers to

---

[6] "In as much as the government takes parts of this motion as an allegation of any illegality, those issues are not what were intended by the [Plaintiff] to be challenged in this motion practice at this time." (Reply at 2.)

the instant motion, however, the Government does not address what articles of personal property seized from Plaintiff's apartment were proceeds of criminal activity.

During the trial on the criminal charges, the Government was able to establish that Plaintiff purchased unauthorized items with the funds CASI received from NIST by linking CASI's bank account records and CASI's credit card records with invoices from various hardware stores and electronic equipment vendors. (See Gov't Exs. 80-81, 90, 100-104, 110.) A jury convicted Plaintiff of intentionally and knowingly misapplying more than $5,000 in federal funds from NIST, which included the unauthorized purchases of various household items and computer equipment which were seized at the apartment. (See Trial Tr. at 556-59.)

The Second Circuit, has not yet addressed whether the moving party bears the burden of proof that it is entitled to the property, or whether the Government must show that the moving party has no legal right to the property. Compare Sash, 2009 WL 3007379 at * 3 ("The moving party in these cases has been [accused] of a crime and he is the one seeking relief from the court") and United States v. Nelson, 190 Fed. App'x. 712, 715 (10th Cir. 2006) ("The defendant bears the burden of establishing under Rule 41(g) that the retention of the property by the government is unreasonable.") (internal citation and quotations omitted), with Santos v. United States, No. 04 Civ. 9716 (JFK), 2005 WL 637427, at * 1 (S.D.N.Y. Mar. 17, 2005) ("At the conclusion of a criminal proceeding, the evidentiary burden for a Rule 41(g) motion shifts to the Government because there is a presumption that the person from whom the property was allegedly taken has a right to its return.") (internal citation and quotations omitted) and United States v. Chambers, 192 F.3d 374, 377 (3d Cir. 1999) (holding that the burden, "shifts to the government when the criminal proceedings have terminated"). The Court agrees with Judge Chin's holding in Sash, and the holding of the Tenth Circuit in Nelson, that the moving party,

6

having been convicted of a crime, must bear the burden of proving that the Government is not entitled to retain the seized property. <u>Sash</u>, 2009 WL 3007379 at * 3.

As an initial matter, Plaintiff does not specify which of the seized items she believes is unlawfully in the Government's possession.  Plaintiff merely states that computers, computer equipment, and household equipment are being unlawfully held by the Government. (Pl.'s Mem. at 8-9.)  These conclusory statements do not satisfy Plaintiff's burden.  Notwithstanding this failure to specify, Plaintiff furnishes no factual support in the form of documents, bank records and/or credit card statements which show that (1) CASI used funds other than the NIST Grant funds to make the purchases, (2) the seized items were purchased with Plaintiff's personal funds during the Grant period,[7] or (3) that the seized items were purchased with Plaintiff's personal funds or CASI's funds prior to the start of the Grant period.

## IV.  Conclusion

Plaintiff has not established that she is entitled to the return of the seized property or its monetary value to offset her criminal restitution.  Furthermore, Plaintiff hasn't shown that there is any balance of the proceeds from the sale of her condominium that are currently being held by the Court.  Even assuming, <u>arguendo</u>, that Plaintiff does prove that she is entitled to the return of her property, in view of the $4 million civil judgment entered against her by the Hon. Naomi Buchwald, it is appropriate that the seized property held by the Government, and the apartment proceeds held by the Court, be used to satisfy that civil judgment.  Nonetheless, as Plaintiff is proceeding <u>pro se</u>, the Court will not deny Plaintiff's motion for failure of proof, but will allow Plaintiff thirty (30) days from the date of this order to identify to the Court the <u>specific</u> items of

---

[7] The evidence at trial showed that Plaintiff, upon receiving the initial installment of Grant funds, used those funds to reimburse herself for back rent of the apartment. Since money is considered fungible, it may be difficult for Plaintiff to show what she actually purchased with her personal funds during the Grant period.

property that she claims should be returned to her. In making such identification, Plaintiff should also provide the Court with factual support, in the form of documents, bank records, or credit card statements, which demonstrate that those specific items were not purchased with the funds provided by NIST. The Government will have thirty (30) days to respond to Plaintiff's submission.

IT IS SO ORDERED.

Dated: New York, New York
      June 6, 2012

                                                Robert P. Patterson, Jr.
                                                        U.S.D.J.

Copies of this order were faxed to:

Daniel B. Karron
348 East Fulton Street
Long Beach, NY 11561
PRO SE

*Counsel for the U.S.A.*
Christian R. Everdell
U.S. Attorney's Office, SDNY (St Andw's)
One St. Andrew's Plaza
New York, NY 10007
(212) 637-2200
Fax: (212) 637-0097

Chi T. Steve Kwok
U.S. Attorney's Office, SDNY (St Andw's)
One St. Andrew's Plaza
New York, NY 10007
(212) 637-2415
Fax: (212) 637-2937

# APPENDIX A

# List of Items seized pursuant to warrant.
## 6/26/07, Case 16227

| # | Seizure Date | Seizure time | Seizure Location | Item Description/ID |
|---|---|---|---|---|
| 1 | 6/26/2007 | 8:00 AM | A | server casi 192.168.0.118 |
| 2 | 6/26/2007 | 8:00 AM | A | server casi 02 216.213.166.227 |
| 3 | 6/26/2007 | 8:00 AM | A | server casi 04 SGI Octane 2 |
| 4 | 6/26/2007 | 8:00 AM | A | server casi 16 192.168.0.116 |
| 5 | 6/26/2007 | 8:00 AM | A | server case black |
| 6 | 6/26/2007 | 8:00 AM | A | rackmount computer IU |
| 7 | 6/26/2007 | 8:00 AM | A | Overland neo |
| 8 | 6/26/2007 | 8:00 AM | A | Raid Array 1-10 this location |
| 9 | 6/26/2007 | 8:00 AM | A | Raid Array Bottom this location |
| 10 | 6/26/2007 | 8:00 AM | A | server casi 100 192.168.0.100 |
| 11 | 6/26/2007 | 8:00 AM | A | Extreme network summit 7 switch |
| 12 | 6/26/2007 | 8:30 AM | A | UPS APC (power source) |
| 13 | 6/26/2007 | 8:30 AM | A | Power supply (blue) |
| 14 | 6/26/2007 | 8:30 AM | A | Hatch Panel |
| 15 | 6/26/2007 | 9:00 AM | A | Linksys Router antenna and power supply |
| 16 | 6/26/2007 | 9:00 AM | A | 16 port switch Linksys and power supply |
| 17 | 6/26/2007 | 9:00 AM | A | D-Link Router DCM-202 + power supply |
| 18 | 6/26/2007 | 9:00 AM | A | Projector Screen |
| 18A | 6/26/2007 | 9:00 AM | A | Controller Box for Projector Screen |
| 19 | 6/26/2007 | 9:00 AM | A | Hatch Panel |
| 20 | 6/26/2007 | 9:30 AM | A | Sony Cybershot Camera DSC-F707 |
| 21 | 6/26/2007 | 9:30 AM | A | Digital Camera Batteries |
| 22 | 6/26/2007 | 9:30 AM | A | Remote Power Control/BayTech |
| 23 | 6/26/2007 | 9:30 AM | A | InFocus LCD Projector with mount |
| 24 | 6/26/2007 | 10:00 AM | A | server casi 112 192.168.9.112 |
| 25 | 6/26/2007 | 10:00 AM | A | server casi 03 192.168.0.103 |
| 26 | 6/26/2007 | 10:00 AM | A | HP Laserjet 1200 printer |
| 27 | 6/26/2007 | 10:00 AM | A | Linksys Print Server PSUS4 |
| 28 | 6/26/2007 | 10:00 AM | A | HP Laserjet 4 with Document Feeder |
| 29 | 6/26/2007 | 10:30 AM | A | casi 15 192.168.0.115 |
| 30 | 6/26/2007 | 10:30 AM | A | GBC Shredmaster 3260x shredder |
| 31 | 6/26/2007 | 10:30 AM | A | Check Scanner RDS-3000 |
| 32 | 6/26/2007 | 10:30 AM | A | Visioneer Strobe XP Paper port (1 of 2) |
| 33 | 6/26/2007 | 10:30 AM | A | Neat Receipts Receipt Scanner |
| 34 | 6/26/2007 | 10:30 AM | A | Card Size Scanner Corex Cardscan |
| 35 | 6/26/2007 | 10:30 AM | A | Visioneer Strobe XP Paper port (2 of 2) |
| 36 | 6/26/2007 | 10:30 AM | B | Dust Buster |
| 37 | 6/26/2007 | 11:00 AM | B | Kitchen Classics Blender by Waring |
| 38 | 6/26/2007 | 11:00 AM | A | Porter Cable Tiger Saw quickcharge |
| 39 | 6/26/2007 | 11:00 AM | A | Two (2) Batteries and charger for item 38 |
| 40 | 6/26/2007 | 11:00 AM | A | Three (3) boxes Dewalt drill bits |
| 41 | 6/26/2007 | 11:00 AM | A | Porter Cable Rechargeable Tool Set |
| 42 | 6/26/2007 | 11:00 AM | A | Set of 3 rechargeable flashlights w/chargers |
| 43 | 6/26/2007 | 11:00 AM | A | Monitor Casi 12 Samsung Syncmaster (1) |

All seizure locations are identified letter coded rooms within 300 E. 33rd Street, Apartment 4N, New York, NY

# List of Items seized pursuant to warrant.
## 6/26/07, Case 16227

| # | Date | Time | Loc | Item |
|---|---|---|---|---|
| 44 | 6/26/2007 | 11:00 AM | A | Monitor Casi 02 Samsung Syncmaster (2) |
| 45 | 6/26/2007 | 11:00 AM | A | IBM Thinkpad laptop with docking station |
| 46 | 6/26/2007 | 11:00 AM | A | Large STABILA bubble level |
| 47 | 6/26/2007 | 11:00 AM | A | Dremel Rechargeable Rotary Tool w/charger |
| 48 | 6/26/2007 | 11:00 AM | A | Flatbed Scanner RICOH Aficio IS330 |
| 49 | 6/26/2007 | 11:00 AM | A | CTX LCD Monitor w/power supply |
| 50 | 6/26/2007 | 11:00 AM | A | Docking Station casi 17 (no laptop) |
| 51 | 6/26/2007 | 11:30 AM | A | SGI Monitor casi (1) casi 104 |
| 52 | 6/26/2007 | 11:30 AM | A | SGI Monitor (2) |
| 53 | 6/26/2007 | 11:30 AM | A | SGI Monitor (3) large widescreen casi 104 |
| 54 | 6/26/2007 | 11:30 AM | A | Standalone Air Conditioning Unit |
| 55 | 6/26/2007 | 12:00 PM | A | Six (6) ergotron monitor swing mounts |
| 56 | 6/26/2007 | 12:00 PM | A | Raid Enclosures four (4) |
| 57 | 6/26/2007 | 12:00 PM | A | Miscellaneous keyboards/peripherals |
| 58 | 6/26/2007 | 12:00 PM | E | casi 007 svr SGI Octane 2 216.213.116.232 |
| 59 | 6/26/2007 | 12:00 PM | E | Raid array (1 of 2 this location) |
| 60 | 6/26/2007 | 12:00 PM | E | Raid array (2 of 2 this location) |
| 61 | 6/26/2007 | 12:30 PM | E | casi 11 svr SGI Octane 2 216.213.166.236 |
| 62 | 6/26/2007 | 12:30 PM | E | casi 13 216.213.166.238 |
| 63 | 6/26/2007 | 12:30 PM | E | casi 13 Samsung Syncmaster Monitor |
| 64 | 6/26/2007 | 12:30 PM | E | SGI monitor (1 of 4 this location) casi 11 |
| 65 | 6/26/2007 | 12:30 PM | E | SGI monitor (2 of 4 this location) |
| 66 | 6/26/2007 | 12:30 PM | E | SGI monitor (3 of 4 this location)w/spkrs |
| 67 | 6/26/2007 | 12:30 PM | E | SGI monitor (4 of 4 this location) casi 007 |
| 68 | 6/26/2007 | 1:30 PM | E | DTS-3 |
| 69 | 6/26/2007 | 1:30 PM | E | HP Scanjet 5P |
| 70 | 6/26/2007 | 1:30 PM | E | SGI DVD-ROM External Drive |
| 71 | 6/26/2007 | 1:30 PM | A | Linksys Security Webcam |
| 72 | 6/26/2007 | 1:30 PM | E | SGI Software |
| 73 | 6/26/2007 | 1:30 PM | E | SGI Controller (NFI) |
| 74 | 6/26/2007 | 1:30 PM | E | Set of 2 rechargeable flashlights w/chargers |
| 75 | 6/26/2007 | 1:30 PM | A | Shoe Rack |
| 76 | 6/26/2007 | 1:30 PM | A | Set of multicases with hardware (31 ct.) |
| 77 | 6/26/2007 | 1:30 PM | E | Four (4) ergotron monitor swing mounts |
| 78 | 6/26/2007 | 1:30 PM | E | Miscellaneous peripherals and cables |
| 79 | 6/26/2007 | 2:00 PM | Basement Storage 55 | GPS System |
| 80 | 6/26/2007 | 2:00 PM | Basement Storage 55 | DDS-3 Tape Backup |
| 81 | 6/26/2007 | 2:00 PM | Basement Storage 56 | Circular Saw |
| 82 | 6/26/2007 | 2:00 PM | A | Folding Ladder |

Case 1:12-cv-06418-RPP   Document 15-2   Filed 02/01/12   Page 2 of 12

All seizure locations are identified letter coded rooms within 300 E. 33rd Street, Apartment 4N, New York, NY