**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
DANIEL B. KARRON,

                              Plaintiff,                  12 CV 0118 (RPP)

      -against-                                   **OPINION AND ORDER**

UNITED STATES OF AMERICA,

                              Defendant.
------------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

Plaintiff Daniel Karron's ("Karron") motion for reconsideration of this Court's decision to deny her request for an extension of time in which to show proof of title to property lawfully seized by the Government is DENIED. Despite repeated opportunities over the last eighteen months to do so, Karron has failed to submit evidence sufficient to demonstrate that, under Federal Rule of Criminal Procedure 41(g), she possesses rightful ownership to any of this property.

    **I.**    **Denial of Rule 41(g) Motion**

On January 5, 2011, Karron filed a motion under Rule 41(g) of the Federal Rules of Criminal Procedure seeking either the return of the property seized from her apartment on June 26, 2007, or reimbursement for the full value of this property. See Karron v. United States, No. 120 CV 118, 2012 WL 2105834 (S.D.N.Y. June 7, 2012). Rule 41(g) states in pertinent part that "a person aggrieved by . . . a seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). In order to prevail on a Rule 41(g) motion, the moving party "must demonstrate that he is entitled to lawful possession of the seized property . .

1

. ." Ferreira v. United States, 354 F. Supp. 2d 406, 409 (S.D.N.Y. 2005) (internal citations and quotations omitted); see also United States v. Van Cauwenberghe, 934 F.2d 1048, 1061 (9th Cir. 1991) (A Rule 41(g) motion may be denied "if the defendant is not entitled to lawful possession of the seized property . . . .").

Karron's Rule 41(g) motion asserted that the Government had "over-seized" property while carrying out a seizure warrant issued in connection with Karron's arrest for the misapplication of federal grant funds. (Pl.'s Mem. in Supp. of Mot. for Return of Property Seized in a Criminal Case at 8, 9, ECF No. 1.) The motion specifically alleged that the property seized had no connection to the federal grant funds because she or CASI, the organization for which she served as President, had purchased the property either (1) before receiving the federal grant money; or (2) during the grant period with money independent of the federal grant funds. (Id.)

Karron's Rule 41(g) motion did not, however, identify the personal property which she claimed had been improperly seized by the Government on June 26, 2007. The Court granted Karron two extensions of time in which to file a reply memorandum with documentation to support her claims to the property seized. (See ECF Nos. 14, 15.) Despite these extensions, Karron did not furnish the Court with the necessary documents, bank records, and/or credit card statements to support her claims as to the property seized by the Government in June 2007.

On June 7, 2012, the Court issued an Opinion and Order holding that Karron had failed to establish her entitlement to the return of property seized by the Government, or, to the monetary value of such property. See Karron, 2012 WL 2105834 at *3-4. Because Karron was proceeding pro se, however, the disposition stated that the Court would provide Karron yet

another thirty days to identify "the specific items of property that she claim[ed] should be returned to her."  Id. at *4 (emphasis in original).  The Court further emphasized that, "[i]n making such identification, Plaintiff should . . . provide . . . factual support, in the form of documents, bank records, or credit card statements, which demonstrate[] that those specific items were not purchased with [federal grant] funds."  Id.

### II.     Motion for Extension of Time

Karron responded to the Court's June 7, 2012 Order in a letter dated July 11, 2012, five days after the Court's imposed filing deadline.  (Letter from D.B. Karron, Plaintiff, July 11, 2012, ECF No. 19.)  In the letter, Karron explained that she was preparing the requested documentation but needed an additional sixty days "[b]ecause of the volume of detail and the poor state of [her] records."  (Id.)  The Government filed a letter opposing this extension, arguing that Karron's motion was "meritless" and nothing more than an "attempt by [P]laintiff to collaterally attack her criminal conviction."  (Letter from Chi T. Steve Kwok, Asst. U.S. Atty., July 12, 2012.)  The Government's letter urged the Court to deny Karron's Rule 41(g) motion with prejudice because, it argued, Karron had "made no attempt to comply with the Court's June 6, 2012 Order even after the Court [had] g[iven] her a second chance to make the necessary threshold showing, and even after multiple prior requests for extension of time were granted without objection from the Government."  (Id. at 3.)  By endorsement of a letter dated July 13, 2012, the Court dismissed Karron's letter requesting an extension of time.  (ECF No. 19.)

### III.    Motion for Reconsideration

On July 27, 2012, Karron submitted a motion for reconsideration of the Court's decision to dismiss her letter requesting an extension of time.  (Pl.'s Mot. for Reconsideration of Denial

of Extension to Answer Op. & Order, July 27, 2012, ECF No. 21; Modified Mot., Aug. 24, 2012, ECF No. 22.)  Karron attached to this motion records that allegedly showed she, or CASI, had purchased the articles seized by the Government independent of federal grant funds.  (Id.)

Review of these records shows, however, that all of the purchases were made by Karron or CASI after CASI had received an initial installment of $150,000 in federal grant funds.  See Karron, 2012 WL 2105834 at *4, n.7.  Moreover, the purchases were made after Karron had violated the terms of the federal grant by taking $75,000 to pay off debts that she owed to her family and to various credit card companies, and by writing eighteen CASI checks to herself totaling $36,000 for payment of pre-grant or "sunk" costs, which were excluded from reimbursement by the federal grant terms.  (Id.)  Specifically, the checks bore notations indicating that they were for rent payments for the eighteen months prior to the grant's start date.  (Id.)

Thus, the records attached to Karron's motion for reconsideration do not address any of Karron's claims that she or CASI purchased the articles seized by the Government prior to the start of the grant period.  Review of Karron's submissions reveals no evidence which might support her assertion that she acquired the articles seized before withdrawing $110,000 in grant funds entrusted to her.  The attached records also do not support Karron's claim that, during the grant period, she funded the purchase of the seized articles with funds she, herself, provided independent of the federal grant funds she had taken illegally.  In other words, because money is fungible, the attached records fail to show that any personal funds which Karron may have used to purchase items during the grant period were untainted by her taking $111,000 in federal funds at the outset of the grant period.  See United States v. Porcelli, 865 F.2d 1352, 1365 (2d Cir.

1989) (holding that in civil forfeiture actions the government may seize legitimate or untainted assets if a criminal defendant "would not have acquired or maintained [them] but for his fraudulent scheme").

V. **CONCLUSION**

For the reasons stated above, Karron's motion for reconsideration of this Court's decision to deny her request for an extension of time in which to show proof of title to property lawfully seized by the Government is DENIED.

IT IS SO ORDERED.

Dated: New York, New York
September 21, 2012

                                      Robert P. Patterson, Jr.
                                      U.S.D.J.

Copies of this Order were sent to:

*Pro se Plaintiff:*

**Daniel B. Karron**
348 East Fulton Street
Long Beach, NY 11561
PRO SE

*For the Government:*

**Attn: Chi T. Steve Kwok, Christian R. Everdell**
U.S. Attorney's Office, SDNY
One St. Andrew's Plaza
New York, NY 10007
Phone: (212) 637-2415
Fax: (212) 637-2937